UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARY BETH O'RILEY,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., BOB DELICINO, and CHERYL GIRON,<br><br>Defendants. | Case No. 3:12-cv-00428-MMD-WGC<br><br>ORDER<br><br>(Def.'s Motion to Dismiss Pursuant to FRCP 12(b)(1) and (6) – dkt. no. 8; Def.'s Motion to Strike – dkt. no. 16) |

Before the Court is Defendant Wal-Mart Stores, Inc.'s ("Walmart") Motion to Dismiss. (Dkt. no. 8.) Defendant Sheryl Giron ("Giron") joins in the Motion to dismiss.[1] (Dkt. no. 10). For the reasons discussed below, the Motion to Dismiss is granted and Plaintiff's Complaint is dismissed with prejudice. All other pending motions (dkt. nos. 16, 21) are denied as moot.

This is a Title VII employment discrimination case arising out of alleged gender discrimination and retaliation against Plaintiff Mary Beth O'Riley ("Plaintiff") during her employment with Walmart. Plaintiff filed a lawsuit against the same Defendants and another Walmart employee not named here on April 1, 2011, based on the same facts and claims. See O'Riley v. Walmart, Inc., No. 3:11-cv-00232-LRH-WGC ("First Action"). In the First Action, Judge Hicks dismissed Plaintiff's complaint because Plaintiff had not

---

[1] Plaintiff's Complaint incorrectly identifies Defendants Wal-Mart Stores, Inc. and Sheryl Giron as, respectively, "Walmart, Inc." and "Cheryl Giron."

exhausted her administrative remedies. In particular, Judge Hicks found that Plaintiff's claims were based in part on allegations not raised in the Charge of Discrimination filed with the EEOC. Additionally, Judge Hicks found that the allegations that *were* included in the EEOC Charge failed to state claims upon which relief could be granted because Plaintiff failed to allege sufficient facts to establish all the necessary elements of gender discrimination or retaliation under Title VII.[2] *Id.* at dkt. no. 32. Judge Hicks declined to exercise supplemental jurisdiction over the state law claims and dismissed the complaint without prejudice to allow Plaintiff's pursuit of those claims in state court.

However, Plaintiff instead filed this separate action, on July 26, 2012, eliminating all state law and non-Title VII federal claims from the Complaint. Walmart moves to dismiss the claim on the grounds that the action is barred by res judicata, the statute of limitations has run, and for the original reasons articulated by Judge Hicks.[3]

The Court declines to dismiss based on res judicata. Although a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) can be a final judgment on the merits, *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981), a complaint dismissed "without prejudice" is generally not considered a final judgment and lacks res judicata effect, *see In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1535 (9th Cir. 1996) *rev'd on other grounds, Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). Nonetheless, dismissal is still warranted for three reasons.

First, Plaintiff has not shown or alleged that she exhausted her administrative remedies with respect to the allegations of discrimination and retaliation that were not raised in her EEOC Charge. As such, claims one, four, and five are still not properly before the Court.

---

[2] Plaintiff's complaint in the First Action also contained other federal claims not arising under Title VII, which the Court dismissed as unsupported by law or fact.

[3] Giron's joinder also argues that the Complaint must be dismissed against her because there is no individual liability under Title VII.

Second, claims based on allegations that were contained in the EEOC Charge are now time-barred. Under Title VII, a person has 90 days to file a civil action after receipt of a right to sue letter. 42 U.S.C. § 2000e-5(f)(1). Plaintiff's right to sue letter was issued January 10, 2011. This action, filed July 26, 2012, does not fall within the statutory 90-day time limit.

Finally, to the extent Plaintiff inadvertently filed this separate suit as an attempt to amend her complaint in the First Action, such attempt at amendment is not proper even if the Court considers Plaintiff's status as a pro se litigant. Moreover, the allegations still fail to state a claim upon which relief may be granted. Counts two and three do not supplement Plaintiff's claims in the First Action with any additional or more detailed allegations. Consequently, this Complaint fails to state a claim for the same reasons Judge Hicks identified in dismissing the complaint in the First Action.

The Court also finds that the Complaint should be dismissed with prejudice. Because the alleged incidents took place several years ago, any attempt to now exhaust administrative remedies with respect to those allegations would be time barred. *See* 42 U.S.C. § 2000e-5(e)(1) (180-day limit to file charge after incident of discrimination). Moreover, the statute of limitations to bring a suit based on the original EEOC charge has passed. Consequently, amendment would be futile. Further, even if the Court were to construe this Complaint as an amendment for purposes of tolling the statute of limitations, Plaintiff's act of filling a separate suit without requesting leave to amend and without making changes to the deficient allegations indicates that any additionally allowed amendment would result in unreasonable delay and subject Defendants to undue prejudice. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (leave to amend properly denied when it would cause (1) undue delay; (2) undue prejudice to the opposing party; or (3) the party has repeatedly failed to cure deficiencies). Therefore, the Court dismisses Plaintiff's Complaint with prejudice. All other pending motions in the docket are denied as moot.

///

IT IS THEREFORE ORDERED that Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss (dkt. no. 8.) is GRANTED. All other pending motions (dkt. no. 16, 21) are DENIED as moot.

DATED THIS 21st day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE